UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Minister Larry E. Ealy</u>

   v.                                      Civil No. 15-cv-373-PB

<u>Raymond Buckley, New Hampshire Democratic</u>
<u>Party Chairman, and Sean Doyle, Executive</u>
<u>Director, New Hampshire Democratic Party</u>

**REPORT AND RECOMMENDATION**

   Before the court is the complaint filed by plaintiff, Minister Larry E. Ealy, seeking to compel defendants, Raymond Buckley, Sean Doyle, and the New Hampshire Democratic Party, to allow Ealy to speak at an event for Democratic presidential candidates, to be held on September 19, 2015, in Manchester, New Hampshire.  Because Ealy is proceeding pro se and has not paid the filing fee, the magistrate judge conducts a preliminary review to determine whether the court has subject matter jurisdiction, and whether plaintiff states a claim upon which relief can be granted.  <u>See</u> 28 U.S.C. § 1915(e); LR 4.3(d)(2).

**Preliminary Review Standard**

   This court may dismiss claims asserted in pleadings filed by parties who have not paid the filing fee, if they have failed to state a claim upon which relief may be granted.  28 U.S.C.

§ 1915(e)(2).  In determining whether a pro se pleading states a claim, the Court construes the pleading liberally.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013).

### Background

Plaintiff asserts that he is a presidential candidate, and that he was denied permission to speak at an event for Democratic presidential candidates, sponsored by the New Hampshire Democratic Party, planned for September 19, 2015, at the Verizon Center in Manchester, New Hampshire.  Plaintiff asserts that "race discrimination" is the reason he has not been permitted to speak at the September 19 event because he believes defendants and the "DNC" will "not allow a black candidate to appear alongside the white candidates."  Plaintiff asserts that defendants have violated his rights to due process and free speech, and he seeks relief from this court under its jurisdiction to grant writs of habeas corpus under 28 U.S.C. § 2241, and to grant other writs in aid of its jurisdiction, under the All Writs Act, 28 U.S.C. § 1651.

**Discussion**

I. **Private Party Defendants**

The New Hampshire Democratic Party is not a governmental agency, with respect to its sponsorship of forums for presidential candidates. See Kay v. N.H. Democratic Party, 821 F.2d 31, 33 (1st Cir. 1987). In general, a plaintiff may not assert a claim for relief against a private party for a violation of his federal constitutional rights. See Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999). A private party can be deemed to be a "state actor," potentially liable for violating the Fourteenth Amendment, only under limited circumstances, not present in this case with respect to the party's decisions regarding the September 19 event. See Kay, 821 F.2d at 33 (1st Cir. 1987) (plaintiff who was denied permission to speak at candidates' forum sponsored by New Hampshire Democratic Party had no First Amendment right to speak at forum, in that, in holding forum, Democratic party was not engaged in governmental activity, and there was no claim that forum presented exception to rule that Constitution provides no redress when private parties abridge free expression of others); King v. Friends of Kelly Ayotte, 860 F. Supp. 2d 118, 124-25,

(D.N.H. 2012) ("Any action by this Court, or by state or local government, to force political parties or candidates to admit individuals to their events under these circumstances may run afoul of those political parties' rights to free assembly and association."); see generally Santiago v. Puerto Rico, 655 F.3d 61, 69 (1st Cir. 2011) (discussing circumstances under which private citizens may be considered state actors for purposes of civil rights lawsuit).

**II.   Race Discrimination**

Plaintiff's assertions regarding race discrimination as the motive for his exclusion from the September 19 event is speculative and conclusory.  Stripped of Ealy's legal conclusion that defendants are discriminating against him based on his race, plaintiff's complaint fails to state any plausible claim for relief, and for that reason, the claim should be dismissed. See Hernandez-Cuevas, 723 F.3d at 102-03.  Furthermore, to the extent plaintiff seeks to invoke 42 U.S.C. § 1985 as providing him with a cause of action, plaintiff has not asserted that his exclusion from the September 19 event involved any conspiracy, or the use of force, intimidation, threat, or injury, that could be actionable under that provision.

### III. **Habeas Corpus Statute**

Plaintiff cites 28 U.S.C. § 2241 as providing this court with authority to grant the relief he seeks. That statute however, establishes this court's jurisdiction to grant relief in cases in which persons are in custody in violation of the laws of the United States. Plaintiff has not alleged that he is in custody, and he does not seek relief from illegal incarceration. Accordingly, the cited statute, 28 U.S.C. § 2241, has no relevance to this case.

### IV. **All Writs Act**

"The All Writs Act generally creates no authority to enjoin those who 'could not properly be held liable to any sort of injunctive relief based on their own conduct.'" Williams v. McKeithen, 939 F.2d 1100, 1104 (5th Cir. 1991) (quoting Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 402 (1982)). As discussed above, plaintiff has failed to show grounds upon which he might obtain relief against defendants. Accordingly, he cannot rely on the All Writs Act, 28 U.S.C. § 1651, to obtain relief.

### Conclusion

For the foregoing reasons, the district judge should

dismiss this action for failure to state a claim upon which relief can be granted.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

                                       _____
                                       Andrea K. Johnstone
                                       United States Magistrate Judge

September 15, 2015

cc:   Minister Larry E. Ealy, pro se